UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No. 14-30088-RBR

AARON E. BOORSTEIN,                                         Chapter 7

    Debtor.
_____/

### MOTION TO COMPEL TRUSTEE'S INSPECTION AND ACCESS TO DEBTOR'S BUSINESS INTERESTS AND FOR 2004 PRODUCTION AND INSPECTION OF PREMISES, BOOKS AND RECORDS
**(expedited hearing requested)**

**The Trustee seeks an expedited hearing to ensure that its interests in Medical Affiliates, PL and its assets are preserved and protected and that the estate can monitor and ensure the amount of all cash revenues are protected and properly reported. The Trustee believes that this review is immediately required in light of the cash nature of the business and assets.**

Trustee, Kenneth Welt, by undersigned counsel respectfully requests an Order of the Court authorizing the Trustee to access and inspect the businesses owned by the Debtor, and now the estate, including the production of business books and records, and access and inspection of the premises and business operations of Medical Affiliates, PL, pursuant to, non exclusively, 11 U.S.C. §541 and Federal Rule of Bankruptcy Procedure 2004, states as follows:

1. The Trustee is in the process of analyzing the Debtor's financial affairs and records, including primarily the closely held companies in which the Debtor holds an interest.

2. The Trustee believes that the Debtor's prepetition interest and now the estate's 50% interest in Medical Affiliates, PL ("Medical Affiliates") has significant value to creditors.

3. The Debtor is a member and manager of Medical Affiliates. The business of Medical Affiliates consists of pain management medical services which are provided on a flat fee

basis and are paid for exclusively in cash. The Debtor indicates that the patient counts and daily records of patient receipts are maintained in paper format and input into an accounting software only upon gross deposits made to the bank.

4. The Trustee wishes to conduct a review of, among other financial information, the average revenue base of the business, including a review of the accounting records, and direct observation of patient counts.

5. The Trustee has proposed that his representatives would observe the business and review records during approximately 10 days over a 30 day period in order to obtain sufficient financial records and a sampling of the revenues of Medical Affiliates during that period. However, the Trustee's requested relief and access is not limited to this request.

6. The Trustee and counsel for the Debtor conferred to coordinate the Trustee's observation of the business. Thereafter, the Trustee's representative, Sandirose Magder, spoke directly to the Debtor who indicated that Medical Affiliates would cooperate with the inspection of the business.

7. Accordingly, Sandirose Magder arrived at Medical Affiliates at an agreed upon time of approximately 9:30 am, Monday, January 26, 2015. Dr. Boorstein and Dr. Kaplan (members of Medical Affiliates, and two of the doctors who see patients), were not seeing patients today, but were present to greet Ms. Magder.

8. Ms. Magder explained to Dr. Kaplan the purpose of her visit and the items she wished to review. Specifically, Ms. Magder explained that her purpose was primarily to verify patient counts and trace cash from daily records to bank deposits.

9. Shortly after this conversation, Dr. Kaplan spoke to Ms. Magder with an attorney on the phone and was instructed by Dr. Kaplan and his counsel to leave the premises, which she promptly did to avoid confrontation.

10. The declaration of Sandirose Magder is attached hereto as Exhibit A.

11. The Trustee is the successor to all of the Debtor's interests, legal and equitable, with respect to the ownership of Medical Affiliates.

12. The Trustee is entitled to directly review and inspection of the Debtor's business interests as well as the fact that the estate has a direct interest in Medical Affiliates.

13. Alternatively, the Trustee is entitled to obtain such information and inspection pursuant to Fed. Bankr. R. 2004. Although redundant, in light of the apparent change of heart with respect to voluntary cooperation, the Trustee is seeking information and inspection concurrently by way of subpoena and a Notice of 2004 Inspection and Production upon Medical Affiliates and the Debtor.

WHEREFORE, the Trustee, respectfully requests the entry of an Order authorizing the Trustee to access and inspect the businesses owned by the Debtor, and now the estate, including the production of business books and records, and access and inspection of the premises and business operations of Medical Affiliates, PL, and granting such other and further relief as is just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the Court's CM/ECF system to the parties who receive notice by this method and via U.S. Mail to all parties listed on the attached Service List on this 26th day of January, 2015

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
Counsel to the Trustee
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone:    (954) 462-8000
Facsimile:    (954) 462-4300


By:    /s/ Craig A. Pugatch
       CRAIG A. PUGATCH
       Florida Bar No. 653381
       capugatch@rprslaw.com

## SERVICE LIST

### Via CM/ECF

Shaina M Druker on behalf of Creditor Wells Fargo Bank, NA
sobkmail@wolfelawfl.com

Kevin C Gleason, Esq on behalf of Debtor Aaron E Boorstein
kgpaecmf@aol.com

Orfelia M Mayor on behalf of Creditor Karen Diamond
omayor@ombankruptcy.com, jessica@ombankruptcy.com; carmen@ombankruptcy.com; cmbk@ombankruptcy.com; clarecasas@ombankruptcy.com; omayor@ecf.inforuptcy.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kristen N Pate on behalf of Creditor GGP Limited Partnership
ggpbk@ggp.com

Craig A. Pugatch, Esq on behalf of Trustee Kenneth A Welt
capugatch.ecf@rprslaw.com

Damaris D Rosich-Schwartz on behalf of U.S. Trustee Office of the US Trustee
Damaris.D.Rosich-Schwartz@usdoj.gov

Kenneth A Welt
fl10@ecfcbis.com; pacerfilings@gmail.com; kaw@trustesolutions.net; court@trusteeservices.biz

### Via U.S. Mail

Medical Affiliates, P.L.
Daniel Kaplan, M.D., Registered Agent
4020 Galt Ocean Dr., Suite 1408
Fort Lauderdale, FL 33308

See attached Mailing Matrix

Recovery Management Systems Corp
25 SE 2 Ave #1120
Miami, FL 33131-1605

Ally Financial
POB 78234
Phoenix, AZ 85062-8234

CRT Collection Service Inc
3209 Johnston Street # B
Lafayette, LA 70503-3763

Citi Card
POB 15153
Wilmington, DE 19886-5153

General Growth Industries
110 N Wacker Drive
Chicago, IL 60606-1526

Internal Revenue Service
Centralized Insolvency Operations
POB 7346
Philadelphia, PA 19101-7346

Karen Lucinda Diamond-Boorstein
205 Park Bluff N
Chapel Hill, NC 27517-8162

La Vita Dolce Cafes, LLC
13006 Morehead
Chapel Hill, NC 27517-8448

Levine & Stewart
John T. Stewart
100 Europa Avenue, # 360
Chapel Hill, NC 27517-2395

Meadowmont Howners' Association
400 Meadowmont Village CIrcle, # 42
Chapel Hill, NC 27517-7505

Orange County Tax Collector
POB 8181
Hillsborough, NC 27278-8181

PNC/PHH
POB 0055
Palatine, IL 60055-0001

PNC/PHH
POB 371458
Pittsburgh, PA 15250-7458

Parlament House
405 N Ocean Blvd
Pompano Beach, FL 33062-5116

RBC Centura Bank
Lending Service Center
Rocky Mount, NC 27802

Southpoint Mall, LLC
6910 Fayetteville Road, # 254
Durham, NC 27713-8247

Sweeting Appraisal
250 Sunset Drive
Blowing Rock, NC 28605-7206

Tahiti Village Vacation Club
File 50446
Los Angeles, CA 90074-0446

Time Warner Cable TV
60 Columbus Circle, 16th Floor
New York, NY 10023-5860

USAA
10750 McDermott Freeway
San Antonio, TX 78288-1600

Watauga County Tax Collector
Ste 21 Courthouse
842 W King St
Boone, NC 28607-3485

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                            Case No. 14-30088-RBR

AARON E. BOORSTEIN,                               Chapter 7

    Debtor.
_____/

### DECLARATION OF SANDIROSE MAGDER

STATE OF FLORIDA    )
                               ) SS:
COUNTY OF BROWARD  )

    Sandirose Magder, declares under penalty of perjury:

    1.    I am over the age of 18 and have personal knowledge of the matters set forth herein.

    2.    I was hired as an agent and representative of the Trustee to conduct a review of the business and revenues of the assets of Dr. Aaron E. Boorstein, including specifically Medical Affiliates, PL.

    3.    My application for employment has been filed with the Court for approval and remains pending.

    4.    On January 23, 2015, I had a telephone conversation with Dr. Aaron Boorstein in which we discussed the timing of my first site visit to his medical office. It was agreed that I would tentatively arrive in the morning on Monday, January 26, 2015. Mr. Boorstein indicated that he needed to speak with his partner to let him know of my intended visits and confirm that it was not an issue, prior to finalizing the time of my first visit.



EXHIBIT A

5. On January 25, 2015, I again spoke to Dr. Boorstein by telephone. In this conversation, he confirmed that I could arrive at 9:30 am on January 26, as planned, and that his partner did not have an issue with my being there.

6. On January 26, 2015 I arrived at Dr. Boorstein's office located at 50 Ne 26th Ave, Pompano Beach, FL at approximately 9:30 am. I met briefly with Dr. Boorstein and his partner Dr. Kaplan and was provided with a space in the reception area where I could sit and begin my review. I was introduced to Sharon, the receptionist and advised that she would be my contact for obtaining the data required for my review.

7. Shorty, thereafter, Dr. Boorstein left the office and Dr. Kaplan began a conversation with me in which, at his request, I provided him with my contact information, briefly explained the reason I was there as it related to Dr. Boorstein's Chapter 7 bankruptcy proceedings, and explained the nature of the information I would be reviewing including verifying patient counts and reviewing daily cash receipts and deposits.

8. Shortly after this conversation, Dr. Kaplan advised me that he had his attorney on the phone and that his attorney directed that I needed to leave. I promptly proceeded to do so and left the premises at approximately 10:00 am.

I declare under penalty of perjury that the foregoing is true and correct.

Sandirose Magder